NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALFRE GOMEZ CRUZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-1017 <br><br> Agency No. A201-173-483 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Walfre Gomez Cruz, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for cancellation of

removal, asylum, withholding of removal, and protection under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Gomez Cruz has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). Gomez Cruz's new allegation of hardship based on a health condition is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

Gomez Cruz does not challenge the agency's denial of his asylum application as untimely, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

As to withholding of removal, substantial evidence supports the agency's

determination that Gomez Cruz failed to show he suffered harm that rose to the level of persecution and that he failed to show a clear probability of future persecution. *See Urias-Orellana v. Bondi*, 146 S.Ct. 845, 851 (2026) (substantial evidence review applies to agency's persecution determination); *Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); s*ee also Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir. 2003) (no compelling evidence that applicant faced a clear probability of persecution).

Substantial evidence also supports the agency's denial of CAT protection because Gomez Cruz failed to sow it is more likely than not he will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Gomez Cruz's contentions regarding a family-based particular social group and a political opinion are not properly before the court because he did not raise them before the agency. *See* 8 U.S.C. § 1252(d)(1); *see also Suate-Orellana*, 101 F.4th at 629.

We do not address Gomez Cruz's remaining contentions regarding a favorable exercise of discretion, relocation, and the acquiescence, inability, or unwillingness of the Guatemalan government because the agency did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th

Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

We do not consider the materials Gomez Cruz references in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**